JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.    **CV 12-8181 DMG (VBKx)**                     Date   November 19, 2012

Title   ***Bank of New York Mellon v. Michael Johnson, et al.***          Page   1 of 2

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

|  VALENCIA VALLERY  |  NOT REPORTED  |
|---|---|
|  Deputy Clerk  |  Court Reporter  |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES
COUNTY SUPERIOR COURT**

On February 3, 2012, Plaintiff Bank of New York Mellon filed a Complaint in Los Angeles County Superior Court for unlawful detainer against Defendants Michael Johnson, Regina Johnson, Brian Smith, and Daphne Harper [Doc. #3]. The Complaint alleges that Plaintiff acquired title to the property where Defendants reside following foreclosure proceedings on or about June 24, 2011. (Compl., ¶ 5.) On September 10, 2011, Plaintiff caused to be served on Defendants a three-day notice to quit, but Defendants have failed to deliver possession of the property to date. (*Id.* at ¶¶ 6-8.)

Defendant Smith removed the case to this Court on October 1, 2012 on the basis of federal question jurisdiction under 28 U.S.C. § 1331, asserting that the action arises under the Fourteenth Amendment to the United States Constitution [Doc. # 3]. The Complaint, however, raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009). Moreover, Defendants do not assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a), as the amount in controversy does not appear to exceed $75,000. Additionally, it appears that removal was untimely because Defendant waited more than 30 days to file the Notice of Removal. *See* 28 U.S.C. § 1446(b).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-8181 DMG (VBKx)** | Date | November 19, 2012 |
|---|---|---|---|

| Title | *Bank of New York Mellon v. Michael Johnson, et al.* | Page | 2 of 2 |
|---|---|---|---|

      Because Defendant has not established a basis for removal jurisdiction on the face of the Notice of Removal, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**